DLD-132                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-4543

———————

MISS GLORIA E. SCARNATI

v.

PA OFFICE OF INSPECTOR GENERAL; DONALD L. PATTERSON

Miss Gloria Scarnati, Appellant

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:11-cv-01143)
District Judge:  Honorable Arthur J. Schwab

———————————————————————

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  March 13, 2012)

————————

OPINION

————————

PER CURIAM

Gloria Scarnati, proceeding pro se, appeals from the District Court's order

dismissing her civil rights complaint. For the reasons that follow, we will summarily affirm.

I.

In September 2011, Scarnati initiated this action by filing a complaint in the District Court against the Pennsylvania Office of Inspector General ("OIG") and Donald L. Patterson, former Director of OIG (hereinafter collectively referred to as "Defendants"). The complaint alleged that Defendants had violated Scarnati's Fourth and Fourteenth Amendment rights when (1) an OIG agent left his business card at her door "in plain sight for anyone who walked by to see," and (2) Defendants failed to serve a copy of a complaint that "may have been filed" against her. (Compl. 1.) In light of these alleged violations, Scarnati "demand[ed] judgment against the defendants in the amount of $200,000.00 or in the interim that she be given a signed letter of apology from the current Director [of OIG] along with the entire original file concerning this incident for disposal." (Id. at 3.)

On November 18, 2011, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Shortly thereafter, Scarnati cross-moved for summary judgment. On December 8, 2011, the District Court granted Defendants' motion and denied Scarnati's motion as moot. In doing so, the court concluded that the claims in Scarnati's complaint were barred by the Eleventh Amendment, and that amending her complaint would be futile. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise de novo review over the District Court's dismissal of Scarnati's complaint.  See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 315 (3d Cir. 2002).  For the reasons articulated by the District Court, we agree with its ruling.  Since this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.